OPINION
Patrolman X sets forth the following assignments of error:
 "I. The trial court's summary judgment ruling was an abuse of discretion and prejudicial error as contrary to law and against the manifest weight of the evidence, when it granted the defendants [sic] motion for summary judgment on all claims except for authorized disclosures to the Blade of rapsheets [sic] or confidential law enforcement investigatory records from the plaintiff's background file.
 "II. The trial court's grant of the motion of the defendant for directed verdict was an abuse of discretion and harmful error, as it was against the manifest weight of the evidence.
 "III. The delay and numerous irregularities of the trial in the court below was an abuse of discretion and harmful error.
 "IV. The directed verdict judgment entry of the trial court was an abuse of discretion and overbroad in its statement of the facts to the prejudice of the plaintiff."
In his Assignment of Error No. I, appellant contends that the trial court erred in granting summary judgment to appellees on some of or, in the case of James Weigand, all of his claims.
The facts of this case are fully set forth in the common pleas court's well-reasoned opinions granting summary judgment to appellees. See Appendices A and B. On March 31, 1995, the trial court granted a motion for summary judgment on all claims, except one, against James Weigand. On April 22, 1996, the court granted the city's summary judgment motion as to most of the issues raised in appellant's claims and on the remaining claim alleged against James Weigand. Upon a thorough review of appellant's arguments in Assignment of Error No. I, the record of this case, the judgments of the court and the law applicable to this case as contained in the court's opinions, we hereby adopt the trial court's judgments of March 31, 1995 and April 22, 1996 as our own. See Appendices A and B. Accordingly, appellant's Assignment of Error No. I is found not well-taken.
In Assignments of Error Nos. II and IV, Patrolman X contends the trial court committed reversible error in granting the city's motion for a directed verdict.
Pursuant to Civ.R. 50(A)(4), a motion for directed verdict may be granted when:
 "* * * the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
Thus, the standard for a trial court to grant a directed verdict is whether sufficient material evidence on a particular issue was presented at trial to create a factual question for the jury. Rutav. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 67-68.
In the case before us, appellant elected to request only parts of the trial transcript. These transcripts include the discussion on the city's motion for a directed verdict, the testimony of only three of the witnesses (the testimony of Patrolman X at trial is not included), a hearing on a motion to quash, and the court's instructions to the jury just after the jury was sworn in. From these transcripts, we are unable to even ascertain all of the exhibits that were entered into evidence trial[1].
It is appellant's duty to provide this court with those parts of the record necessary for a resolution of his assignments of error. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Here, Patrolman X was required to order most, if not all, of the transcript of the trial so that we could determine whether substantial material evidence was presented at trial on appellant's remaining claims against the city to create a factual issue for the jury to decide. See Hickey v. Hancock-Wood ElectricCooperative, Inc. (Aug. 18, 1995), Wood App. No. WD-94-112, unreported. Because Patrolman X cannot demonstrate the alleged error in the record, we must presume the regularity of the proceedings below and assume that the trial court's grant of a directed verdict was based on submitted evidence, viewed in a light most favorable to appellant, upon which reasonable minds could only reach a conclusion adverse to appellant. Hartt v.Munobe (1993), 67 Ohio St.3d 3, 7. Therefore, appellant's Assignments of Error Nos. II and IV are found not well-taken.
In Assignment of Error No. III, appellant asserts that irregularities occurring at trial substantially prejudiced his case. Again, appellant failed to order a complete transcript of the trial; thus, it is very difficult for this court to undertake an adequate review of this issue.
Appellant first argues that, due to the nature of this case, he was placed in the "untenable" position of attempting to gather testimony from agents of the city. A review of what little witness testimony is before this court discloses that appellant was permitted to cross-examine and impeach these witnesses on all relevant matters. We can find no irregularity prejudicial to appellant in the transcript of this testimony.
Appellant next contends that the tardiness of one witness, Carleton S. Finkbeiner, was prejudicial to his case. The transcript ordered does not reflect a delay in the proceedings on November 13, 1997, the date Finkbeiner testified. Further, the transcript fails to show an objection to this witness's alleged tardiness. "Failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,121. Moreover, appellant fails to argue the merits of this contention. Instead, he appears to argue that Finkbeiner's trial testimony was in conflict with his previous deposition testimony. In such an instance, it was incumbent on appellant to use Finkbeiner's deposition testimony for impeachment purposes at trial. Thus, this argument does not go to any "irregularity" in the court proceedings.
Patrolman X next argues that his case was prejudiced because Lawrence Moreland, one of the witnesses subpoenaed to testify at trial, did not appear. We must once again note that there is nothing in the record of this case indicating that appellant took any steps to compel Moreland's attendance at trial. Indeed, and despite the fact that the city states the issue was discussed, there is nothing in the abbreviated record on appeal to show that appellant even objected to Moreland's failure to appear. Therefore, he waived any right to raise the alleged error.
Finally, appellant asserts that questions of credibility of the witnesses required that the case be decided by a jury. This case was resolved under the standard set forth in Civ.R. 50(A)(4). As such, the question before the court was "`a question of law, that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses.'" Wagner v. RocheLaboratories (1996), 77 Ohio St.3d 116, 119, quoting Ruta v.Breckenridge-Remy Co., 69 Ohio St.2d at 68-69. The court's judgment entry reflects that the court applied the proper standard and did not assess the credibility of the witnesses. The use of the correct standard cannot be deemed an "irregularity" in the proceedings below.
For all of the foregoing reasons, appellant's Assignment of Error No. III is found not well-taken.
The judgments of the Lucas County Court of Common Pleas are affirmed. Patrolman X is ordered to pay the costs of this appeal.
JUDGMENTS AFFIRMED.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Mark L. Pietrykowski, J.
CONCUR.
[1] Appellant cites, on numerous occasions, to deposition testimony. Absent any record showing that these depositions were admitted into evidence at trial or read into evidence at trial, the trial court and this court cannot consider the deposition testimony as "evidence" on a Civ.R. 50(A)(4) motion.