GROSSMAN ET AL., APPELLEES, *v.*
HAWKES HOSPITAL OF MT. CARMEL, APPELLANT.

[Cite as Grossman *v.* Hawkes Hosp. of Mt. Carmel (1990), 52 Ohio St. 3d 87.]

(No. 89-710—Submitted April 18, 1990—Decided June 27, 1990.)

*Plymale & Associates* and *Ronald E. Plymale,* for appellees.

*Earl, Warburton, Adams & Davis* and *Ted L. Earl,* for appellant.

*Per Curiam.* Plaintiff Grossman

apparently injured himself in a fall from unknown causes. "It is rudimentary that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee* v. *Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 180, 472 N.E. 2d 707, 710. After considering the entire record, we agree with the trial court. Plaintiffs failed to establish facts from which reasonable minds could conclude that defendant hospital breached any duty to Grossman proximately causing his injuries. Civ. R. 50(A)(4); Annotation, Hospital's Liability to Patient Injured Going To or Using Bathroom or Toilet Facilities (1971), 36 A.L.R. 3d 1235. See, also, *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267.

Accordingly, the judgment of the court of appeals is reversed and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.