OPINION
Defendant Davis Excavating appeals a judgment of the Court of Common Pleas Richland County, Ohio, entered on a jury verdict in favor of plaintiff Stearns and Lehman, Inc. on its complaint for breach of contract between the parties. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NUMBER 1
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT REMOVING AND TAKING THIS CASE FROM THE JURY AT THE CONCLUSION OF PLAINTIFF'S CASE.
ASSIGNMENT ERROR NUMBER 2
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT TAKING THE CASE FROM THE JURY AT THE CONCLUSION OF THE ENTIRE CASE.
ASSIGNMENT OF ERROR NUMBER 3
THE VERDICT AND JUDGMENT IS CONTRARY TO LAW.
The record indicates appellee Stearns and Lehman, Inc., hired appellant Davis to perform excavation work at a new facility to be built in the Mansfield, Richland County area. Appellant Davis began work to prepare the building site, but for reasons unrelated to appellant's performance, appellee Stearns Lehman, Inc., decided to put the entire project on hold because of cost overruns. Eventually, appellee constructed a building on the same location as the original site, smaller but still within the area appellant had excavated. Appellee had re-designed the project and employed other contractors to build this smaller building. At the time Stearns and Lehman put the project on hold, appellant Davis had completed a rough grade of the building site, although the project required further excavating work. Appellee Stearns and Lehman paid appellant $36,000.00. Approximately one year later, when appellee Stearns Lehman re-opened the building site, it planned for the front of the building to still be in the same spot as planned when appellant had done his site preparation work, and the general contractor began to dig footers for the building's foundation. At some point, the contractor found appellant Davis had not stripped the topsoil, grass, or other organic material but had simply covered the topsoil with compatible subsoil. The area had not been compacted properly, and the general contractor felt the building site preparation work appellant had done would not support the foundation of the building. Stearns Lehman asked appellant to repair the problems, but appellant would not do so without further payment. Eventually, Stearns Lehman paid another contractor $55,400.00 over and above the planned contract work to repair and redo the work done by appellant.
 I, II, and III
Appellant urges all three assignments of error are essentially based on the same theory of law. Appellant urges it was undisputed appellee Stearns Lehman stopped appellant from completing the work appellant had agreed to do. Appellant filed a motion to dismiss asserting appellee was estopped from bringing an action for breach of contract when appellee was the party who prevented appellant from completing the work. Civ.R. 50 provides for a motion for directed verdict, which may be made at the opening statement of the opponent, at the close of the opponent's evidence, or at the close of all the evidence. Upon receiving a motion for directed verdict, the trial court must construe the evidence most strongly in favor of the party against whom the motion is directed, see Civ.R. 50 (A)(4). If the trial court finds on any determinative issue reasonable minds could come but to one conclusion on the evidence submitted, then the court shall sustain the motion and direct the verdict as to that issue. The motion for directed verdict does not present a question of fact, but is a question of law, see Ruta v. Breckenridge-Remy Company (1982), 69 Ohio St.2d 66. If the court overrules a defendant's motion for a directed verdict made at the conclusion of the plaintiff's case, the defendant proceeds to present evidence, but must renew the motion at the close of all evidence, in order to preserve it, Helmick v. Republic-Franklin Insurance Company (1988), 39 Ohio St.3d 71. A directed verdict is appropriate where a plaintiff fails to present evidence from which reasonable minds could find in the plaintiff's favor, see Grossman v. Hawkes Hospital Mt. Carmel (1990), 52 Ohio St.3d 87. As appellee points out, this action raised material issues of fact regarding the terms of oral agreement between the parties, and whether appellant performed the work properly and in a workmanlike manner, as well as whether appellee prevented appellant from performing the contract work. Further, the record before us does not demonstrate appellant made a motion for a directed verdict either at the close of the appellant's case or at the close of all evidence. The motion to dismiss made prior to trial does not substitute for the motion for directed verdict. We have reviewed the record, and we find there was sufficient competent and credible evidence in the record for the jury to find appellee had proved each of the essential elements of its action. Accordingly, we conclude the trial court did not err in submitting the matter to the jury for final determination, or in entering its judgment on the jury's verdict. Each of the assignments of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Farmer, J., concur