66

Ruta et al., Appellants, v.
Breckenridge-Remy Co. et al., Appellees.

[Cite as Ruta v. Breckenridge-Remy Co. (1982),
69 Ohio St. 2d 66.]

(No. 81-182—Decided January 27, 1982.)

*Murray & Murray Co., L.P.A.,* and *Mr. Dennis E. Murray,* for appellants.

*Flynn, Py & Kruse Co., L.P.A.,* and *Mr. Charles W. Waterfield,* for appellees.

NORRIS, J. The sole issue presented by appellants' first proposition of law is whether, in reversing a trial court on the basis that the court should have granted a motion for a directed verdict, a court of appeals engages in weighing evidence and therefore is bound by the provision of Section 3(B)(3), Article IV of the Ohio Constitution, which prohibits reversal on the weight of the evidence of judgments resulting from a trial by jury, except by concurrence of all three judges hearing the case. Stated another way, the question is whether a motion for a directed verdict presents only a question of law, or whether it involves weighing evidence. If the former be the case, then the concurrence of only a majority of the panel was sufficient to reverse the trial court and enter the directed verdict; if the latter, then the Court of Appeals erred in this case.

We believe appellants misapprehend the duty of a court when confronted with a motion for a directed verdict. Determining whether "reasonable minds could come to but one con-

clusion upon the evidence submitted"[2] does not involve any weighing of the evidence, nor is the court concerned with the credibility of witnesses. This is in contrast to the court's duty when considering a motion for a new trial proffered on the basis that the "judgment is not sustained by the weight of the evidence."[3] *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82.

Simply because resolution of a question of law involves a consideration of the evidence does not mean that the question of law is converted into a question of fact or that a factual issue is raised. This important distinction has been pointed out previously by this court:

"A motion for directed verdict or a motion for judgment notwithstanding the verdict does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the evidence." *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215, paragraph three of the syllabus.

When a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses; it is in the nature of a demurrer to the evidence and assumes the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed, and gives to that party the benefit of all reasonable inferences from that evidence. The evidence is granted its most favorable interpretation and is considered as establishing every material

---

[2] Civ. R. 50 provides, in part:

"(A) Motion for directed verdict.

" * * *

"(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

[3] Civ. R. 59 provides, in part:

"(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

" * * *

"(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case[.] "

fact it tends to prove. The "reasonable minds" test of Civ. R. 50(A)(4) calls upon the court only to determine whether there exists any evidence of substantial probative value in support of that party's claim. See *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469. Weighing evidence connotes finding facts from the evidence submitted; no such role is undertaken by the court in considering a motion for a directed verdict. A motion for a directed verdict raises a question of law because it examines the materiality of the evidence, as opposed to the conclusions to be drawn from the evidence. To hold that in considering a motion for directed verdict a court may weigh the evidence, would be to hold that a judge may usurp the function of the jury. Section 5, Article I of the Ohio Constitution.

Our determination that a motion for directed verdict presents a question of law, and not a factual issue, is consistent with previous decisions of this court. *O'Day* v. *Webb, supra,* paragraph three of the syllabus; *Rohde* v. *Farmer, supra,* paragraph three of the syllabus; *Carter-Jones Lumber Co.* v. *Eblen* (1958), 167 Ohio St. 189, 207; *Durham* v. *Warner Elevator Mfg. Co.* (1956), 166 Ohio St. 31, 36; *Purdy* v. *Kerentoff* (1949), 152 Ohio St. 391, 394; *Hilleary* v. *Bromley* (1946), 146 Ohio St. 212, 222; *Wilkeson* v. *Erskine & Son, Inc.* (1945), 145 Ohio St. 218, 227; *Michigan-Ohio-Indiana Coal Assn.* v. *Nigh* (1936), 131 Ohio St. 405, paragraph two of the syllabus.

Because the Court of Appeals reversed on a question of law and not on the weight of the evidence, concurrence was required of only two of the three judges hearing the cause.

In their second proposition of law, appellants assert that the Court of Appeals required of them proof of the dishonesty of defendants' employee, Decker, as an additional element of the tort of negligence in hiring or retention, when the court itself had listed the necessary elements as " ' * * * (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.' "

We are not called upon to decide whether the Court of Ap-

peals correctly defined the essential components of the tort of negligence in hiring or retention, or even whether that tort is recognized in Ohio as the basis for a cause of action separate and distinct from other recognized theories of recovery, such as negligent entrustment and *respondeat superior.* What we are asked to decide is if the Court of Appeals required plaintiffs to introduce sufficient proof that Decker was dishonest to avoid a directed verdict, in addition to requiring proof of the other five elements, which the parties and the courts below assumed constituted a recognized tort.

We conclude that the Court of Appeals did not require proof of an additional element. Instead, it characterized the allegations supporting plaintiffs' theory of incompetence as allegations of "Decker's propensity for dishonesty," and found that plaintiffs had failed to introduce sufficient evidence on the elements involving incompetency to avoid a directed verdict. Accordingly, we find no error in this regard.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

NORRIS, J., of the Tenth Appellate District, sitting for C. BROWN, J.