**FIRST FEDERAL SAVINGS BANK**

v.

**WSB INVESTMENTS, INC., Appellant;**

**12900 LAKE AVENUE CONDOMINIUM ASSOCIATION, Appellee;**

**BETHKE, Appellant.**

[Cite as *First Fed. Sav. Bank v. WSB Investments, Inc.* (1990), 67 Ohio App.3d 277.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 56794, 56795.

Decided April 9, 1990.

**278**

*Ahern & Sava* and *Michael F. Sava,* for appellee.

*William Blake,* for appellant Bethke.

DYKE, Judge.

The present case arises out of an action for collection of delinquent condominium maintenance fees and attorney fees incurred by the plaintiff-appellee, 12900 Lake Avenue Condominium Association (hereinafter "condominium association"). Defendant-appellant Walter S. Bethke became a member of the condominium association on January 1, 1982. When appellant became a unit owner in the condominium association he agreed to be bound by the terms of the Declaration of Condominium Ownership for the Carlyle Condominium. The bylaws of that declaration provide that the unit owners are to pay their proportionate share of the common expenses (maintenance fees).

Appellant, without reason or protest, ceased to pay his maintenance fees on October 1, 1984, yet continued to reside in the unit, enjoying all the services and benefits attendant with being a member of the condominium association. Appellant resided in the unit for two years without paying any maintenance fee.

On March 21, 1985, the First Federal Savings Bank filed a foreclosure on its mortgage. The condominium association joined in the action to foreclose on its Certificate of Lien for non-payment of maintenance fees. The property eventually sold at a sheriff's sale and the deed was delivered to the bank on August 4, 1986.

In the present action the case proceeded to arbitration where appellee was awarded its maintenance fees. Appellant appealed and, after trial, the court

found that maintenance fees were proper and in addition appellant owed attorney fees pursuant to the Declaration of Condominium Ownership.

Appellant appeals the trial court's award and assigns several errors for review.

### Assignment of Error
### I

"The court erred in failing to grant defendant's motion for directed verdict made at the close of plaintiff's case and renewed at the close of defendant's case."

Appellant argues the trial court erred in overruling his motions for directed verdict because there existed no basis for the court to determine the amount of assessments owed. Appellant claims that since appellee never produced a budget indicating the expenses of the condominium association, appellee failed to produce sufficient evidence to show entitlement to its claim.[1]

Civ.R. 50(A)(4) provides the standard for a decision of a motion for directed verdict:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

In *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896, the Supreme Court stated:

" * * * [I]t is incontestably the duty of a trial court to submit an essential issue to the jury when there is sufficient evidence, if believed, relating to that issue to permit reasonable minds to reach different conclusions on that issue. * * * [Citations omitted.] Conversely, it is also the duty of a trial court to withhold an essential issue from the jury when there is *not* sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue. In other words, if all the evidence relating to an essential issue is sufficient to permit only a conclusion by reasonable minds against a party, after construing the evidence most favorably to that party, it is the

---

1. The maintenance fees are determined by a budget enacted by the condominium association's board.

   The Declaration of Condominium Ownership, by which all unit owners are bound, declares an application of a percentage for each individual unit which determines the share which each unit should bear to the total budget. Maintenance fees are monthly payments of each unit's share of the total budget.

duty of the trial court to instruct a finding or direct a verdict on that issue against that party. Naturally, if the finding on that one issue disposes of the whole case, a duty arises to grant judgment upon the whole case. [Citation omitted.]" *Id.* at 220, 58 O.O.2d at 427, 280 N.E.2d at 899–900.

■ A motion for directed verdict tests the legal sufficiency of the evidence and does not involve weighing the evidence or trying the credibility of the witnesses. *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 68, 23 O.O.3d 115, 116, 430 N.E.2d 935, 937. It "assumes the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed." *Id.* Here, the trial court had "only to determine whether there exists any evidence of substantial probative value in support of" appellee's claim. *Id.* at 69, 23 O.O.3d at 117, 430 N.E.2d at 938. The motions were properly denied.

■ Construing the evidence most strongly in favor of appellee on the issue of whether appellant owed appellee assessed maintenance fees for the time period in question, the trial court correctly concluded that reasonable minds could come to one conclusion other than one that was adverse to the appellee. Civ.R. 50(A)(4). Appellee produced evidence which showed that appellant was the owner of the unit for which unpaid assessments were owed. Permitting all reasonable inferences in favor of appellee we find that appellant received an annual budget from appellant which indicated the expenses of the association. The evidence also showed that by virtue of the Declaration of Condominium Ownership, which appellant was given when he became the owner of the unit, appellant knew of his obligation to pay maintenance fees and knew specifically the method of computation of such a fee for his particular unit. Appellee's evidence showed that appellant, without complaint, timely paid his assessment fees until September 1, 1984. Appellee's evidence showed that appellant after September 1, 1984 continued to be billed for maintenance fees each month by regular U.S. Mail service. Appellee's evidence showed that appellant paid no maintenance fees from October 1, 1984 to August, 1986, yet continued to reside in his unit throughout that time enjoying the rights, privileges and amenities afforded all unit owners. Further, the record shows that appellant was called by appellee as if on cross-examination and admitted he paid no maintenance fees from October 1985 until August 1986, all the while enjoying the common areas and amenities afforded the association. Appellant did not testify on his own behalf and the record is devoid of any explanation as to why he stopped paying his maintenance fees on October 1, 1984.

There was substantial evidence and testimony presented by appellee which showed that maintenance fees were properly assessed and past due on the

condominium unit owned by appellant. Appellant's argument that because appellee failed to submit its budgets for the years in question, he is entitled to a directed verdict, is without basis and indicates a lack of understanding as to the evidentiary standard for a directed verdict.

Appellant's first assignment of error is without merit.

## Assignment of Error
## II

"Where Condominium owners unit costs were determined by applying a certain fixed percentage against the total annual budget for the Condominium Association for the upcoming year, together with delivery of a copy of said budget and breakdown to the unit owner, the Court erred in granting judgment against the unit owner where:

"(1) There was no evidence that the unit owner had ever given a copy of the budget, if one existed;

"(2) There was conflicting evidence as to the percentage that should be applied against said budget on behalf of said unit owner, and;

"(3) No evidence whatsoever of the Association's budget for any of the years in question was ever brought before the Court, so that the Court had no figure whatever as against which to apply the percentage even if the Court could determine the percentage to be charged to unit owner."

■ Appellant essentially argues that the decision of the trial court was unsupported by competent, credible evidence since the trial court had no evidence of the association's budget or that appellant had ever been furnished a budget.

■ A judgment supported by competent, credible evidence on all essential elements will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Appellee showed appellant to be the owner of the condominium within its association. Appellee introduced its balance sheet which showed payment by appellant of his maintenance fees until October 1, 1984 at which time the balance sheet indicates no payment was thereafter made. Appellee showed that defendant resided in the unit and enjoyed the common areas until early August 1986. The record reflects appellant's defense of nonpayment rested on the theory that he was never provided a budget by the association and therefore there was no way for the trial court to determine that he owed anything at all. Appellant's argument will not cause us to reverse the trial court's finding him delinquent and responsible for maintenance fees for several reasons: (1) the trial court's decision was

supported by competent credible evidence; (2) appellant's contention that no evidence exists that he had been sent a budget was rebutted by testimony that budgets were annually mailed to all residents; and (3) it was appellant's burden to contradict the competent, credible evidence submitted by appellee and show that appellee's figures were wrong. Appellant in the face of substantial persuasive evidence, *i.e.*, when the burden of proof shifted at trial, failed to put forth any defense. Appellant could have submitted the budget and showed appellee's alleged errors but did not.

Appellants second assignment of error is overruled.

## Assignment of Error
## III

"The court erred in granting interest from 1983 for charges which did not fall due until 1984; in granting interest from 1983 for charges which did not fall due until 1985; and in granting interest from 1983 for charges which did not fall due until 1986."

The trial court's journal entry stated:

"*On Trial.* Both sides having rested, court renders judgment for plaintiff for *maintenance fees, late fees and in suite service* in the amount of $4,536.48, and also in the amount of $3,855.00 in *attorney fees* against defendant together with *costs*. Exceptions noted. (Total judgment amount of judgment is $8,391.48)." (Emphasis added.)

The trial court's findings of facts and conclusions of law issued later stated:

"This court finds that upon the foregoing findings of fact and conclusions of law that plaintiff is entitled to judgment against defendant for its *maintenance fees, late fees and in suite service* in the amount of $4,536.48 and also in the amount of $3,855.00 in *attorney fees* together with *costs* of the within action." (Emphasis added.)

The trial court's entries do not indicate that plaintiff was awarded any interest on its judgment. Appellant's argument that interest was incorrectly calculated therefore is without merit.

The third assignment of error is overruled.

## Assignment of Error
## IV

"The court erred in determining that there were thirteen (13) months in the year 1984."

Appellant argues that the trial court's award of maintenance fees improperly included a charge for which the evidence indicated he had paid.

Appellant was charged for four months in 1984 even though appellee's balance sheet indicates that appellee had paid the maintenance fee for the months up to and including September 1984. This leaves three months in 1984 for which appellee did not pay the $156.02 assessed maintenance fee. The award is therefore modified to reflect a $156.02 deduction.

Award of Maintenance Fees, Late Fees

| | |
|---|---:|
| In Suite Service | $4,536.48 |
| Deduction | 156.02 |
| New Total | $4,380.46 |
| Plus Attorney Fees | 3,855.00 |
| New Award | $8,235.46 |

### Assignment of Error

### V

"The court erred in granting attorney fees to a condominium association as against a defaulting condominium owner who did not agree, by virtue of the condominium bylaws or otherwise, to pay said attorney fees."

### VI

"The court erred in awarding attorney fees far in excess of the value of services rendered and for the pursuit of useless acts."

In his fifth assignment of error, appellant argues that attorney fees were improperly awarded, and in his seventh assignment of error he argues, in the alternative, that if attorney fees were properly awarded, they were excessive.

In *Nottingdale Homeowners' Assn., Inc. v. Darby* (1987), 33 Ohio St.3d 32, 514 N.E.2d 702, the defendants purchased a condominium unit in the Nottingdale Condominium development and freely agreed to be bound by the terms of the condominium declaration. For approximately five years defendants paid monthly common assessments which provided for common services. Subsequent to that time period, but while continuing to receive the benefits provided by the association, defendants stopped making their monthly assessments because they felt that the association's board of trustees was illegally elected. The defendants at the time of trial owed plaintiff association $2,464.82 in unpaid monthly assessments. The issue in *Nottingdale* was whether two parties, in a noncommercial transaction, could lawfully contract to require, in a suit between them, the payment by the unsuccessful part of the prevailing party's attorney fees. The condominium declaration, to which defendants agreed to be bound, provided that in an action for foreclosure or to collect delinquent assessments, reasonable attorney fees incurred by the home-owner's association shall be paid by the defaulting unit owner. In *Nottingdale,* repeated good faith efforts to collect the past due assessments were

ignored, which necessitated the lawsuit. The court noted that defendants never presented any evidence of misunderstanding, deception or duress regarding the condominium declaration and by-laws upon which they had agreed to be bound.

The *Nottingdale* court awarded attorney fees to plaintiff and held:

*"Provisions contained within a declaration of condominium ownership and/or condominium by-laws requiring that a defaulting unit owner be responsible for the payment of attorney fees* incurred by the unit owners' association in either a collection action or a foreclosure action against the defaulting unit owner for unpaid common assessments *are enforceable and not void as against public policy so long as the fees awarded are fair, just and reasonable as determined by the trial court* upon full consideration of all the circumstances of the case." (Emphasis added.)

█ In the present case the evidence indicates that appellant, like the defendants in *Nottingdale,* freely agreed to be bound by the terms of the condominium declaration. The record also indicates that appellant, while refusing each month to pay the assessment fee due, continued to enjoy the benefits of the common areas and accept the benefits of the association's services. Further, repeated good faith efforts by appellee to collect the amounts due were ignored, necessitating the present lawsuit. Also, the present record does not indicate any showing by appellant of any misunderstanding, deception or duress as to the contents of the condominium declaration.

Appellant argues that *Nottingdale* is not controlling because the present facts are distinguishable. In *Nottingdale,* the condominium declaration *specifically* provided for the payment of attorney fees by a condominium unit owner in the event of a successful collection or foreclosure action against such condominium owner by the homeowners' association. In the present case the condominium declaration provides:

" * * * All expenses of the Board in connection with any such actions or proceedings, *including court costs and other fees and expenses* and all damages, liquidated or otherwise, together with interest * * * shall be charged and assessed against such defaulting Unit Owner * * *." (Emphasis added.)

Appellant argues that absent the express declaration that attorney fees are recoverable, *Nottingdale* is distinguishable and therefore inapplicable. His argument is not well taken. Given the context of this statement, it is clear that plaintiff was providing that all expenses in a lawsuit would be recoverable. The declaration states that expenses, "including court costs and other

fees and expenses," would be recoverable.  Besides court costs the only other expense would be attorney fees.

*Nottingdale's* facts are analogous to the present facts and its syllabus is therefore applicable.  Attorney fees were properly awarded.  Further, the evidence presented to the trial court indicated that the amount of fees was reasonable under the facts of this case.  The trial court properly awarded attorney fees in the amount of $3,855.

Appellants fifth and seventh assignments of error are overruled.

Assignment of Error

VII

"The court erred in refusing to permit defendant's proffered testimony, witnesses and exhibits and in sustaining objections to defense counsel's questions and in taking judicial notice of certain condominium bylaws which were incomplete."

VIII

"The court erred in taking judicial notice of the rules and regulations of the 12900 Lake Avenue Condominium Association."

■ In these assignments of error appellant complains of various evidentiary rulings made by the trial court.  Appellant initially complains that he was wrongly denied the opportunity to present witnesses on his behalf.  The trial court, upon appellee's objection, refused to allow appellant to subpoena the president of the associations to testify.  Appellant's complaint is not well taken.  We cannot say that the trial court abused its discretion in refusing an untimely request which would have, if allowed, prejudiced appellee's rights.

■ Appellant next argues that the trial court should have disallowed the testimony of appellee's witness, Mr. Van Atta, as he was shown not to have personal knowledge of that to which he was testifying.  Van Atta was shown to be the property manager for the condominium association.  He testified that he had full access to the association's billing files.  Van Atta testified that appellant was the owner of the unit whose assessments were past due and that the basis for the assessment fees was the condominium's declaration.  Van Atta related that the files indicated that appellant's balance sheet indicated an amount due of $6,531.48, which included assessment fees, late fees and lien/legal fees for the years 1984, 1985 and 1986.  Van Atta's testimony was shown to be based on personal knowledge.  Furthermore, the balance sheet in question from which he testified was accepted into evidence.  Appellant did not object to the amounts of the assessments, or late fees or

attorney fees listed in the balance sheet, but rather noted only one exception, that he owed only for three months in 1984 as opposed to the association's calculations which indicated four months due. The trial court did not abuse its discretion in allowing Van Atta's testimony.

Next, appellant argues that he was never given notice that appellee was going to rely at trial on an administrative regulation, and that appellee misrepresented to the court that the administrative regulation was a rule of the condominium association. Appellant's argument is not well taken. The record shows that the administrative regulations appellant refers to are in fact the Declaration of Condominium Ownership filed pursuant to the Ohio Revised Code and incorporated in each and every deed and referred to in the deeds before the trial court. Appellant's argument is without merit.

*Judgment affirmed as modified.*

JOHN V. CORRIGAN, P.J., and ANN MCMANAMON, J., concur.