OPINION
{¶ 1} Defendants Werner Enterprises, Inc. and Peter D. Cosper appeal a judgment of the Court of Common Pleas of Ashland County, Ohio, entered on a jury verdict in favor of Jennifer R. Jeavons and Emily G. Stacey. Appellants assign three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT INCORRECTLY PERMITTED TESTIMONY CONCERNING MR. COSPER'S TRAFFIC CITATION CONVICTION.
 {¶ 3} "II. THE TRIAL COURT INCORRECTLY GRANTED PLAINTIFFS' MOTION FOR A DIRECTED VERDICT ON DEFENDANTS' NEGLIGENCE.
 {¶ 4} "III. THE TRIAL COURT INCORRECTLY REFUSED TO INSTRUCT THE JURY ON PLAINTIFFS' COMPARATIVE NEGLIGENCE."
 {¶ 5} Appellant Cosper was operating a tractor-trailer in the course and scope of his employment with Werner. Cosper's truck was heading westbound on U.S. Route 250, while Stacey was driving on Route 250 headed east. Jeavons and two others were passengers in the Stacey vehicle. Route 250 intersects with County Road 1575, and at the intersection is a traffic light. The traffic signal has lights controlling through traffic in all directions and also has a left turn arrow for vehicles traveling westbound, such as Cosper's semi. Appellant's semi and appellees' vehicle collided in the intersection when appellant was attempting a left turn.
 {¶ 6} Appellees' expert witness testified about the sequencing of the lights. Phase one occurs when traffic facing northbound on Route 1575 has a red light. East and westbound through traffic then have green lights, but the left turn arrow for westbound traffic is red. Phase two occurs with red lights all around. Then, through traffic for Route 250, both eastbound and westbound, have red lights and Route 1575 has a green signal. Phase three occurs when the northbound traffic for Route 1575 has a red light as does eastbound traffic on Route 250. Westbound traffic on Route 250 has a green light, and there is also a turn arrow, operated by a vehicle detection loop, which is a sensor imbedded into the pavement. If a vehicle is on the vehicle detection loop for 10 seconds it will trigger the light controlling the left turn only lane. The traffic lights which control Route 1575 are also activated by a vehicle detection loop. Thus, the light for Route 250 stays green continuously when there is no traffic stopped on the loop at Route 1575 or in the left turn only lane for Route 250 westbound.
 {¶ 7} Ordinarily, when the green left turn arrow is illuminated, it stays green for 12 seconds, unless more traffic goes over the vehicle detection loop. If there are more vehicles in the turn lane, the arrow will stay green a bit longer, although the expert witness did not indicate how long. Thereafter, the left turn only lane has a yellow phase of three seconds, and then all directions have a red light for six seconds. Then traffic going eastbound on 250 will get a green light.
 {¶ 8} Cosper turned his tractor trailer rig to make a left hand turn. While he was executing this turn, the vehicle carrying appellees struck the right front corner of Cosper's tractor, resulting in severe injuries to two of the four occupants, the appellees here.
 I. {¶ 9} In their motion in limine, and also in their motion for new trial, appellants argued evidence Cosper was convicted for failure to yield the right of way in this accident is inadmissible in the civil case. The court overruled the motion in limine.
 {¶ 10} Appellants chose to present the conviction to the jury. Appellants mentioned it in voir dire and also on opening statement. After appellees' first witness testified, appellants renewed their objection to the admission of any evidence of the traffic citation. However, when State Trooper Mollie Clemens testified Cosper received a citation for failure to yield, appellants did not object.
 {¶ 11} In Germanoff v. Aultman Hospital (September 23, 2002), Stark App. No. 2001-CA-00306, this court reviewed a similar situation. In Germanoff, the appellant filed a motion in limine, and also objected at various times during the trial. The appellant, like the appellants here, made a strategic decision to soften the prejudicial effect of the evidence by introducing it himself. This court found failure to object to the admission of evidence in a trial constitutes a waiver of any challenge, regardless of how the court had ruled on the motion in limine, Germanoff, paragraph 20, citations deleted. However, because appellant had objected, we found the doctrine of waiver did not apply. Instead, we found because appellant was the first to raise the objectionable evidence, he opened the door to appellees' use, Germanoff at 21, citations deleted.
 {¶ 12} Generally, criminal convictions are not admissible, and are more prejudicial than probative. However, in introducing the evidence themselves, appellants opened the door to appellees, and have not preserved this issue of admissibility for appellate review.
 {¶ 13} The first assignment of error is overruled.
 II. {¶ 14} In their second assignment, appellants argue the trial court erred in directing a verdict on the issue of negligence.
 {¶ 15} Pursuant to Civ.R. 50, a court must construe the evidence most strongly in favor of the party against whom the motion is directed, and if it finds upon any determinative issue reasonable minds could come but to one conclusion on the evidence submitted, and the conclusion is adverse to the non-moving party, then the court shall sustain the motion and direct the verdict for moving party on the issue.
 {¶ 16} Appellees concede a motion for directed verdict does not present a question of fact, but rather presents a question of law as to the sufficiency of the evidence, Ruta v.Breckenridge-Remy Company (1982), 69 Ohio St. 2d 66. Credibility of witnesses, the weight to be given their testimony, and the resolution of conflicts in the evidence are questions of fact for the jury, Hardiman v. Zep Manufacturing Company (1984),14 Ohio App. 3d 222.
 {¶ 17} Appellees maintain the expert testimony established Cosper could not have had a green arrow at the same time appellees had a green light and thus his version of events was impossible. We note Cosper only testified he had a green arrow, and did not state what color appellees' light was. Several other witnesses testified appellees had the green light, and some stated Cosper's light may have been yellow or that he had already begun his turn when appellees' light turned green.
 {¶ 18} We have reviewed the record, and we find there was testimony which presented the jury with several possible scenarios. One would be the light was green for appellees and therefore red for Cosper. In another scenario and according to some witnesses, the turn arrow was yellow when Cosper entered the intersection, and changed to red before he had cleared the intersection. A third possibility would be Cosper turned his truck when his light turned green, as he testified, and this would mean appellees' light was red when they entered the intersection. The testimony of the various witnesses conflicts on a number of points, but we find reasonable minds could draw different conclusions from the evidence presented.
 {¶ 19} We find the trial court should not have directed a verdict on the issue of negligence.
 {¶ 20} The second assignment of error is sustained.
 III. {¶ 21} Finally, appellants argue the trial court should have instructed the jury on the issue of comparative negligence.
 {¶ 22} A court should give requested jury instructions if they correctly state the law applicable to the particular facts of the case, and if reasonable minds could reach the conclusion purposed by the instruction, Murphy v. Carrollton ManufacturingCompany (1991), 61 Ohio St. 3d 585.
 {¶ 23} Because we have sustained II, supra, we find this assignment of error is moot. Upon remand, the evidence may develop differently, and the trial court must determine the applicable jury instructions based on the facts presented at that time.
 {¶ 24} The third assignment of error is overruled as moot.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
By Wise, P.J. and Farmer, J., concur.
Gwin, J., dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
Costs assessed to appellees.