DECISION AND JUDGMENT ENTRY
Emma Pinkerman appeals from a jury verdict entered in the Lawrence County Court of Common Pleas in favor of Dr. Patrio D. Tismo, P.A., Inc., upon her complaint alleging medical malpractice. Pinkerman asserts that the jury's verdict in favor of Dr. Tismo is against the manifest weight of the evidence and that the trial court erred in failing to either grant judgment notwithstanding the verdict or a new trial. We disagree because the record contains some competent, credible evidence supporting the judgment and the evidence is legally sufficient to support the judgment. Accordingly, we affirm the judgment of the trial court.
 I.
Dr. Tismo, a general surgeon, performed laparoscopic gall bladder surgery upon Pinkerman. Several days after the surgery, Pinkerman became jaundiced. Dr. Tismo re-admitted Pinkerman to the hospital for testing. After ten days, Dr. Albert Campbell performed an exploratory surgery upon Pinkerman. Dr. Campbell discovered that a surgical staple placed by Dr. Tismo was blocking Pinkerman's common bile duct. Dr. Campbell removed the staple, and Pinkerman recovered.
Pinkerman sued Dr. Tismo, alleging that he committed medical malpractice when he placed the surgical staple. Pinkerman claimed that she endured the second surgery and nearly one month of hospitalization as a result of Dr. Tismo's negligence. Additionally, Pinkerman's husband, Albert Pinkerman, sued Dr. Tismo for loss of consortium.
At trial, the jury heard the testimony of several doctors. One of the doctors, Dr. John Dorsky, testified as follows:
 Q. After reviewing the medical records, did Dr. Tismo, in performing his gall bladder surgery, the laparoscopic surgery, fall below the accepted standards of care? In other words, did he commit medial malpractice in your mind?
A. No.
 Q. * * * In your opinion, did Dr. Tismo act as a surgeon of ordinary skill, care and diligence under like or similar circumstances?
A. Yes.
Pinkerman did not object to Dr. Dorsky's testimony. The jury returned a verdict in favor of Dr. Tismo. Pinkerman filed a motion seeking a new trial or, in the alternative, judgment notwithstanding the verdict. The trial court denied Pinkerman's motion and entered judgment in favor of Dr. Tismo.
Pinkerman timely filed a notice of appeal. She asserts the following assignments of error:
 I. The finding of the jury in the defendant's favor was against the manifest weight of the evidence.
 II. In a medical negligence claim where the plaintiff has presented reliable evidence of negligence by the medical provider and when the defendant has not presented any reliable evidence to the contrary, it is error for the jury to render verdict in favor of the medical provider.
 III. The trial court erred in failing to grant plaintiff's motion for new trial or in the alternative the motion for judgment notwithstanding the verdict.
 II.
In her first assignment of error, Pinkerman asserts that the jury verdict is against the manifest weight of the evidence. In her third assignment of error, Pinkerman asserts in part that the trial court erred by denying her motion for a new trial on the ground that the judgment was not sustained by the weight of the evidence. See Civ.R. 59(A)(6).
A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. When conducting its review, an appellate court must make every reasonable presumption in favor of the jury's findings of fact. Myers v.Garson (1993), 66 Ohio St.3d 610, 614; Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80.
In this case, Dr. Tismo presented some competent, credible evidence that he was not negligent in his treatment of Pinkerman. Specifically, Dr. Dorsky testified that Dr. Tismo exercised ordinary skill, care and diligence in treating Pinkerman.
Pinkerman suggests in her brief that most of Dr. Dorsky's testimony does not meet the standards for admissibility of an expert opinion, and thus that the testimony does not constitute competent, credible evidence. However, Pinkerman did not object to the admissibility of Dr. Dorsky's testimony at trial, and therefore she waived any error on appeal. Stores Realty v. Cleveland (1975), 41 Ohio St.2d 41, 43; Lippy v.Society Natl. Bank (1993), 88 Ohio App.3d 33.
Because Dr. Dorsky's testimony constitutes some competent, credible evidence that Dr. Tismo did not commit malpractice, we find that the jury's determination is not contrary to the manifest weight of the evidence. Accordingly, we overrule Pinkerman's first assignment of error and that portion of her third assignment of error regarding the weight of the evidence.
 III.
In her second assignment of error, Pinkerman challenges the legal sufficiency of the evidence. In her third assignment of error, Pinkerman asserts in part that the trial court erred by denying her motion for a new trial on the grounds that the judgment is contrary to law or, in the alternative, for judgment notwithstanding the verdict. A motion for a Civ.R. 50(B) judgment notwithstanding the verdict tests the legal sufficiency of the evidence. Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66, 68-69.
When reviewing a trial court's disposition of a Civ.R. 50(B) motion for judgment notwithstanding the verdict, we apply the same test we apply in reviewing a directed verdict. Pariseau v. Wedge Products, Inc. (1988),36 Ohio St.3d 124, 127; Howell v. Dayton Power Light Co. (1995),102 Ohio App.3d 6, 13. The evidence admitted at trial must be construed most strongly in favor of the non-moving party, and, where there is evidence to support the non-moving party's position, the motion must be denied. Pariseau at 127.
Although a motion for judgment notwithstanding the verdict requires a trial court to review and consider the evidence, the motion does not present a question of fact or raise factual issues. Ruta at paragraph one of the syllabus. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination. Pariseau at 127. The motion therefore presents a question of law, and this court conducts a denovo review of the lower court's judgment. Howell at 13. Likewise, when the determination of whether to grant a new trial is a question of law, then the order will be reversed on appeal only upon a showing that decision was erroneous as a matter of law. Rohde v. Farmer (1970),23 Ohio St.2d 82, paragraph two of the syllabus.
Pinkerman argues that she presented evidence establishing that Dr. Tismo was negligent, and that Dr. Tismo failed to present reliable evidence to the contrary. Pinkerman reasons, therefore, that Dr. Tismo did not present sufficient evidence to defend himself, and thus that the jury verdict is against the legal sufficiency of the evidence and contrary to law. However, Pinkerman again fails to consider Dr. Dorsky's testimony. When we consider the evidence admitted at trial, which includes Dr. Dorsky's testimony, in Dr. Tismo's favor, we find that the record contains evidence supporting Dr. Tismo's position. Specifically, the record contains evidence that Dr. Tismo acted as a surgeon of ordinary skill, care and diligence in treating Pinkerman. Therefore, the jury's verdict is not against the legal sufficiency of the evidence or contrary to law.
Because the jury's verdict is not against the manifest weight of the evidence or contrary to law, the trial court did not err in refusing to grant Pinkerman's motion for a new trial or, in the alternative, for judgment notwithstanding the verdict. Accordingly, we overrule Pinkerman's second assignment of error and those portions of her third assignment of error regarding the legal sufficiency of the evidence supporting the verdict.
In sum, we find no error on the part of the trial court. Accordingly, we overrule each of Pinkerman's assignments of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 ________________________________ Roger L. Kline, Presiding Judge