### Roy v. Barkett
*[Cite as 6 AOA 138]*

*Case No. CA-2754*
*Richland County, (5th)*
*Decided August 23, 1990*

*William J. Novak, Frank D. Celebrezze, Sindell, Rubenstein, Einbund, Pavlik, Novak & Celebrezze, 200 National City, E. 6th Bldg., Cleveland, Ohio 44114, for Plaintiff-Appellant.*

*Anna L. Carulas-Moore, Steven J. Hupp, Jacobson, Maynard, Tuschman & Kalur, 1001 Lakeside Ave., Suite 1600, Cleveland, Ohio 44114-1192, for Defendants-Appellees.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas of Richland County, Ohio, that directed a verdict in favor of defendant-appellee Almass Welji, M.D. (doctor) and against plaintiff-appellant Betty Roy, Administratrix of the estate of John Roy, deceased (administrator) at the close of administrator's case-in-chief.

It appears from the record that on July 31, 1986, administrator's decedent was injured in a fall. At the emergency room, the doctor examined him and read x-rays of his chest. The doctor mistakenly reported that the x-rays were normal; in fact, decedent had several fractured ribs. His treating physician permitted him to go home, believing that his injuries were superficial in nature. The following day, decedent went to his family physician, who advised him that he would be in pain for a few days. On August 5, 1986, administratrix suggested that decedent return to his treating physician because he was not feeling better. Decedent refused to do so because his physician had told him he would have pain for some days. On August 6, 1986, decedent died. An autopsy showed that he had suffered a ruptured spleen, and also disclosed six fractured ribs. The trial court sustained the doctor's motion for directed verdict, holding that the administratrix had failed to establish that the doctor's negligence had proximately caused decedent's death to a reasonable degree of medical certainty. This appeal ensued.

Administratrix assigns a single error to the trial court:

"ASSIGNMENT OF ERROR
"WHETHER THE TRIAL COURT ERRONEOUSLY GRANTED A MOTION FOR DIRECTED VERDICT IN FAVOR OF THE DEFENDANT ALMASS WELJI, M.D. WHERE THERE WAS SUFFICIENT EVIDENCE OF PROBATIVE VALUE TO DEMONSTRATE THAT DR. WELJI'S CONDUCT PROXIMATELY CAUSED THE DEATH OF PLAINTIFF'S DECEDENT, JOHN ROY."

Ohio Civ. R. 50(A) states in pertinent part:

"(4) When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict of the moving party as to the issue."

Our Supreme Court has construed this language to mean that a trial court cannot consider the weight of the evidence nor the credibility of the witnesses in ruling on a motion for directed verdict, *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282. The non-moving party is entitled to the benefit of all reasonable inferences from the evidence, *Ruta v. Breckenridge-Remey Co.* (1982), 69 Ohio St.2d 66. Attached hereto and incorporated herein is a portion of the trial transcript

that contains the testimony of administratrix's expert witness. The witness gave as his expert opinion that the proximate cause of decedent's death was the doctor's failure to diagnose the fractures on the x-rays (transcript, hereinafter T., at 149-50). The witness testified that because of the doctor's negligence, decedent's treating physician was unable to give him the instructions that would have led him to seek further treatment when his condition worsened. The expert declined to speculate as to whether decedent would have followed his doctor's orders had they been given. Instead, the expert stated that that was for the jury to decide (T.151-52).

The doctor successfully argued to the trial court that this demonstrated that administratrix's own witness could not testify regarding proximate cause. We do not agree. Construing the testimony most strongly in favor of administratrix, we find that the witness did testify that the doctor's negligence had precluded decedent's receiving proper treatment. The witness properly declined to give a speculative opinion regarding the decedent's own possible negligence in not following-the instructions, had they been given.

The doctor also urges that the trial court was correct, because, assuming that administratrix's expert witness did testify regarding proximate cause, then he did so by drawing an inference from an inference in violation of Evid. R. 703.

The doctor urges that administratrix's expert witness assumed that the treating physician would practice proper medical care, a fact not in evidence. If he had practiced proper medical care, he would have properly treated decedent. The administratrix did not call the treating physician to the stand to testify that if he had known of the fractures, he would have given decedent different instructions. Administratrix's expert witness did testify, however, that but for the doctor's negligence, the treating physician would have been on notice of the potential seriousness of decedent's injuries. In other words, the doctor invites us to conjecture regarding whether the treating physician would have been negligent, in the same way that the expert witness was invited to conjecture on decedent's potential negligence. We find that the testimony by the expert witness was sufficient as a matter of law to establish proximate causation, and the cause should have been submitted to a jury.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and the cause is remanded to that court for further proceedings in accord with applicable law, and not inconsistent with this opinion.

PUTMAN, P.J., concurs.
MILLIGAN, J., concurs separately.

MILLIGAN J., concurring.
I concur in the judgment.

The testimony of plaintiff's expert was substantially impeached by both his own testimony and that of other experts. The opinion that failure to diagnose and reveal the fractured ribs was the proximate cause of death from failure to treat the ruptured spleen (not shown by the x-rays in question and not caused by the fracture) strains credulity. Nonetheless, the witness did testify that the failure to diagnose the fractures on the x-rays *was* the proximate cause of death. T.150.