OPINION
This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court, overruling the motions for directed verdict filed by defendant-appellant, Campf's Service Co., Inc., and ultimately finding appellant liable for negligence to plaintiffs-appellees, Peggy D. Pennell and Jeffrey L. Pennell, and to plaintiff, Central Benefits Mutual Insurance Company.
On or about May 19, 1995, appellant serviced appellees' GMC Suburban, including the rotation of her tires. On May 27, 1995, appellee, Peggy D. Pennell, while driving back from the grocery store, noticed that the vehicle was pulling to the left. Appellee then began braking and almost immediately, the vehicle's left rear wheel fell off causing the body of the vehicle to hit the road, bounce up and hit the road again. This action caused appellee injuries to her back and neck. After this incident, the vehicle was towed back to appellant for repairs. A few days later, appellant's general manager allegedly admitted to appellee. Jeffrey L. Pennell, that the incident in question was appellant's fault.
Appellees then filed a complaint against appellant, alleging that it was negligent in rotating and reinstalling the wheels on the vehicle a week prior to the incident at issue, and that such negligence proximately caused appellee, Peggy D. Pennell's injuries. Appellee, Jeffrey L. Pennell, also made a claim for loss of consortium. A jury trial commenced in this matter on October 5, 1998. Appellant's counsel moved for a directed verdict at the close of appellees' evidence and again at the close of all the evidence, however both motions were overruled by the trial court.
During trial, appellees presented evidence to demonstrate appellant's negligence. Appellee, Jeffrey L. Pennell, testified that the lug nuts on the aluminum wheels of the subject vehicle were never loose before said vehicle was serviced by appellant and that he was unaware of any special requirements for tightening the lug nuts on the wheels of the vehicle. Both appellees testified that all of the lug nuts from the wheel which fell off were retrieved from the road undamaged. Therefore, appellees reasoned that the tire fell off because the lug nuts were not properly tightened by appellant.
Appellees further testified that no one could have tampered with the vehicle because their house was set back from the road and they had a watchdog. Appellee, Peggy D. Pennell, also testified that she could only recall driving the vehicle home from appellant's service station and to the grocery store, for a total of twelve miles traveled that week.
Appellant attempted to show that it could not have caused the incident in question. Appellant's owner testified that the company had a special policy concerning aluminum wheels, which were the type on appellees' vehicle, due to their propensity to fall off. Appellant's owner claimed that its policy, when working on aluminum wheels, was to tighten the lug nuts, test drive the vehicle and then re-tighten the lug nuts.
Appellant's employees testified that failure to follow the company policy would result in the wheels coming off or becoming noticeably wobbly almost immediately. Appellant claimed that appellees drove the vehicle around three hundred miles during the seven days between servicing and the incident. Thus, appellant claims that because the wheel did not fall off sooner, the incident at issue could not be due to its negligence. However, during trial, appellees' counsel established that it was unclear by whom or when the mileage was written on the servicing invoice, thus impeaching appellant's witnesses.
On October 7, 1998, the jury returned a verdict in favor of appellee, Peggy D. Pennell, in the amount of $80,000.00 and in favor of the intervening plaintiff, Central Benefits Mutual Insurance Company, in the amount of $11,846.87. The jury did not award any damages to appellee, Jeffrey L. Pennell. The trial court then rendered judgment on the jury verdict. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR DIRECTED VERDICT BOTH AT THE CLOSE OF THE PLAINTIFFS' CASE AND AT THE CLOSE OF ALL OF THE EVIDENCE."
Civ.R. 50 (A) (4) states:
 "When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is-adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
Further, a trial court may not weigh the evidence or try the credibility of witnesses in deciding a motion for directed verdict. Rather, such motion is in the nature of a demurrer to the evidence and assumes the truth of the evidence which supports the facts essential to the claim of the party against whom the motion is directed, thereby giving the non-moving party the benefit of all reasonable inferences. The trial court must determine only whether there exists any evidence of substantive, probative value in support of a party's claim. Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66.
Appellant claims that appellees failed to produce sufficient evidence to raise a jury issue as to the elements of their claim. Appellant cites Strother v. Hutchinson (1981), 67 Ohio St.2d 282, wherein the Ohio Supreme Court stated that in order to establish negligence, a plaintiff must establish the existence of a duty, a breach of such duty and proximate cause. Although appellant concedes that it had a duty to exercise due care in rotating the tires on appellees' vehicle, it denies that appellees produced sufficient evidence to establish a breach of that duty.
Appellant argues that no direct evidence was presented to indicate that it failed to tighten the lug nuts in question. Appellant further contends that absent any expert testimony as to what caused the wheel to come off, appellees only proved that the wheel came off after appellant rotated the tire. Appellant argues that negligence must be established by affirmative evidence tending to show that its conduct fell below the standard of care. In Boles v. Montgomery Ward (1950), 153 Ohio St. 381, 388, the Ohio Supreme Court stated:
 "It is firmly settled by the authorities that negligence is a-fact necessary to be shown; it will not be presumed. Thus, where liability depends upon the carelessness or fault of a person or his employees, the right of recovery must be based on competent evidence. It is incumbent on the plaintiff to show how and why and injury occurred — to develop facts from which it can be determined by the jury that defendant failed to exercise due care and that such failure was a proximate cause of the injury. A verdict for plaintiff based upon conjecture, guess, random judgment or supposition cannot be sustained." (Emphasis added).
Appellant claims that when deciding the case at bar, the jury was required to indulge in speculation and conjecture and to build inference upon inference. Appellant contends that the trial court did not have enough evidence to submit the case to the jury. Appellant alleges that according to its records, the vehicle in question was driven over three hundred miles between the time the tires were rotated and the time the wheel came off. Appellant further suggests that if it had improperly tightened said wheel, the wheel would have fallen off earlier, or at the least would have been a noticeable problem almost immediately. Therefore, appellant reasons it was not negligent. Thus, appellant contends that given appellees' lack of evidence and its own evidence of care, the trial court should have granted a directed verdict in its favor.
The trial court was correct in denying both of appellant's motions for directed verdict. As appellant correctly argues, evidence of its negligence was necessary because the case at bar was not a res ipsa loquitur case. However, in a personal injury lawsuit, it is not necessary to produce direct evidence of every element essential to establish liability, so long as evidence of facts upon which a reasonable inference may be predicated to support each element is produced. Strother, supra. It naturally and logically follows, according to the common experience of mankind, that when a motor vehicle service station removes a wheel and replaces the vehicle's lug nuts correctly, the lug nuts will not loosen and allow the wheel to fall off one week later.
In the present case, there were several facts which, when viewed in a light most favorable to appellees as the nonmoving parties, would overcome appellant's motions for directed verdict. First, there was direct evidence to indicate that appellee, Peggy D. Pennell drove the vehicle in question only a few miles and that no one tampered with said vehicle. Secondly, appellant admitted that the type of wheels involved were aluminum, which if not tightened, test driven, and then re-tightened, would cause the lug nuts to become loose. Further, appellees, through testimony, expressed that appellant's general manager admitted fault. Finally, appellant did not offer any witness to testify regarding the exact nature of work done to the vehicle on May 19, 1995. Furthermore, the evidence presented by appellant as to mileage was impeachable because the date that the mileage had been hand written on the invoices was different from the date of service. In fact, appellant's witnesses offered conflicting testimony as to when the dates and mileage indications were placed on the invoices.
Additionally, the only testimony as to how long it would take for the wheel to come off was provided by appellant's owner who testified to observing a wheel come off twice in his thirty-eight years of experience. Such witness indicated that these occasions were premised upon an improperly tightened lug nut. Therefore, from the testimony provided, the only reasonable inference to be drawn is that appellant failed to properly tighten the lug nuts on the wheels of appellees' vehicle.
Finally, although the third requirement for establishing negligence has not been contested by appellant on appeal, the trier-of-fact clearly could have agreed with the expert witnesses presented by appellees, who testified that the incident in question caused appellee, Peggy D. Pennell's back injuries.
The trial court was correct in overruling appellant's motions for directed verdict. Assuming the facts in the case at bar in a light most favorable to appellees, the trial court properly determined that by virtue of the evidence presented, reasonable minds could not come to but one conclusion adverse to appellees.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 __________________________________ EDWARD A. COX PRESIDING JUDGE