DECISION AND JOURNAL ENTRY
Defendant-Appellant Joanne E. Soberay has appealed from a jury verdict awarding Plaintiff-Appellee Pride of Andes, Inc. (POA) $27,642.89, the trial court's directed verdict on Soberay's counterclaims in her third-party complaint, and the trial court's grant of prejudgment interest to POA. This Court affirms.
 I.
During May 1996, Tom Bell bought eleven alpacas and formed POA for the purpose of buying, selling, breeding, and raising alpacas. Bell's friend, Lester Keen, is POA's treasurer and accountant. During October 1997, Soberay met Bell through a mutual friend. After discussing the alpaca industry with Bell, Soberay agreed to purchase one alpaca named Lady Cassandra for $32,500. Approximately one week later, and after talking to her financial adviser at Merrill Lynch, Soberay changed her mind and cancelled the agreement.
A few weeks later, Soberay approached POA with the idea of buying a herd of alpacas. Keen prepared an estimate of Soberay's potential return if she purchased eight or nine pregnant Peruvian alpacas for $250,000. Although the agreement was confidential, Keen and Bell encouraged Soberay to discuss it with her lawyer, family or banker. Soberay signed the agreement with POA on November 5, 1997.
Ultimately a dispute arose between POA and Soberay and POA filed a complaint against Soberay, alleging that Soberay breached the parties' November 5, 1997 purchase agreement. Soberay filed an answer, counterclaim and third party complaint against POA, Bell and Keen, alleging breach of contract, fraud, a claim based on the Ohio Business Opportunity Purchaser's Plan Act, a claim based on the Ohio Securites Act, and a claim based on conversion. On January 12, 2000, the case proceeded to trial before a jury. Prior to the jury deliberation, the trial court directed verdicts against Soberay's Securities Act claim, a portion of her fraud claim, and her claim for conversion. The jury returned a verdict for POA for its breach of contract claim in the amount of $27,642.89, and returned a verdict in favor of POA, Bell and Kean on all of Soberay's remaining counterclaims.
On March 14, 2000, the trial court entered its judgment, adopting the verdict of the jury and awarded POA prejudgment interest. Soberay filed a motion for a new trial, which the trial court refused to rule on, stating that it lacked jurisdiction.[1] Soberay filed an appeal, asserting four assignments of error.
 II. A. Assignment of Error Number One The trial court committed reversible error by directing a verdict against [Soberay] on her statutory claim for rescission under the Ohio Securities Act.
 In her first assignment of error, Soberay has asserted that the Ohio Securities law is applicable because her November 5, 1997 purchase agreement is an investment contract. This Court disagrees.
The standard for appellate review on a motion for directed verdict isde novo. Titanium Industries v. S.E.A., Inc. (1997), 118 Ohio App.3d 39,47-48. Accordingly, this Court is to construe the evidence presented most strongly in favor of the nonmoving party and, after so doing, determine whether reasonable minds could only reach a conclusion, which is against the nonmoving party. Id. at 47. Motions for directed verdicts are provided for in Civ.R. 50(A)(4), which states:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
 As a general rule, courts are to assume the truth of the evidence which supports the essential facts of the nonmoving party's claim and give the nonmoving party the benefit of all reasonable inferences of the evidence. Becker v. Lake Cty. Mem. Hosp. West
(1990), 53 Ohio St.3d 202, 206, quoting Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68.
R.C. 1707.01(B) defines a security as:
 any certificate or instrument which represents title to or interest in, or is secured by any lien or charge upon, the capital, assets, profits, property, or credit of any person * * *. It includes * * * any investment contract,* * * [or] any instrument evidencing a promise or agreement to pay money * * *.
 In State v. George (1975), 50 Ohio App.2d 297, the Franklin County Court of Appeals set forth a four-prong test to determine whether a contract is an "investment contract," and, therefore, a security. A contract is an "investment contract" if:
(1) an offeree furnishes initial value to an offeror;
 (2) a portion of this initial value is subjected to the risks of the enterprise;
 (3) the furnishing of the initial value is induced by the offeror's promises or representations which give rise to a reasonable understanding that a valuable benefit of some kind, over and above the initial value, will accrue to the offeree as a result of the operation of the enterprise; and
 (4) the offeree does not receive the right to exercise practical and actual control over the managerial decisions of the enterprise.
 Id. at 302-303. See Deckebach v. La Vida Charters. Inc. of Florida (1989 C.A. 6), 867 F.2d 278, 284. The fourth prong does not require an examination of whether the investor actually managed or controlled the investment, but whether it had the right to do so. Deckebach, 867 F.2d at 285. Further, if an instrument fails the fourth prong of the test, it is not a security under Ohio law regardless of its satisfaction of the first three prongs of the test. Cartwright v. Falls Heating Cooling, Inc. (June 29, 1994), Summit App. No. 16079, unreported, at 8, citing Mazza v. Kozel (1984 S.D.OH) 591 F. Supp. 432, 436.
In the case at bar, Soberay signed a purchase agreement with POA that stated: "[Soberay] will always have the right to determine if any crias[2] birthed by [Soberay's] female alpacas are to be kept by [Soberay], not sold, or to be sold to buyers other than [POA]." Based on the foregoing, this Court concludes that Soberay has failed to satisfy the fourth prong because she had the right to exercise practical and actual control over several kinds of managerial decisions concerning the alpacas she purchased from POA.
Additionally, this Court notes that Soberay even testified that she exercised her right under the contract by selling two of her female crias to a third party. On two separate occasions Soberay also substituted alpacas because she did not like some of the animals. Lastly, the evidence in this case showed that Soberay moved her alpacas to another farm. Therefore, the trial court was correct in determining that the agreement between Soberay and POA was not subject to the Ohio Securities Act. Soberay's first assignment of error is overruled.
 B. Assignment of Error Number Two The trial court committed reversible error by directing a verdict against [Soberay] on a critical aspect of her fraud in the inducement claim and affirmative defense, to wit: [POA's] misrepresentation of the return she would receive on her investment.
 In her second assignment of error, Soberay has asserted that the trial court erred when it directed a verdict against her third party complaint for fraud in the inducement. Specifically, Soberay has argued that the trial court should have allowed her to amend her pleadings to conform to the evidence presented at trial and that there was sufficient evidence to support her claim. Assuming without deciding that the trial court should have allowed Soberay to amend her pleadings, the evidence still did not support her claim for fraud in the inducement.
In order to establish a claim of fraud, it is necessary for the party to prove all of the following:
 (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.
 Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 475.
In the present case, Soberay has argued that POA misrepresented the return of her investment, which was material to her decision to enter into the purchase agreement. However, the record is devoid of any specific facts showing that POA knowingly made false representations with the intent to mislead Soberay or concealed any facts concerning the purchase agreement. Kean testified that he encouraged Soberay to consult with her banker, money manager, lawyer or family before signing the contract. The estimated report that Kean prepared for Soberay indicated that a return of twenty-four percent is based on the guaranteed purchase of crias and that the projection may be higher if Soberay sold to a third party. Another report prepared by POA specifically stated that the potential return on investment will vary in each situation and that nothing is guaranteed. The evidence at trial indicated that in the last eighteen months Soberay had earned a profit of $63,000 on the sale of her alpacas. In light of the foregoing, the trial court was correct in granting a directed verdict in POA's favor on Soberay's fraud claim. Soberay's second assignment of error is overruled.
 C. Assignment of Error Number Three The trial court committed reversible error by adopting the jury verdict because such verdict is (1) excessive, (2) contrary to law, and (3) is not sustained by the weight of the evidence, all of which was set forth in [Soberay's] motion for a new trial or in the alternative, remittitur, which the trial court improperly refused to address on the merits.
 In her third assignment of error, Soberay has argued that the jury's verdict was excessive, contrary to law, and against the manifest weight. Specifically, Soberay has asserted that verdict is erroneous because she was entitled to a credit of $16,250 for her half-interest in Peruvian Lady Cassandra. This Court disagrees.
When the manifest weight of the evidence is challenged, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." Ray v. Vansickle (Oct. 14, 1998), Lorain App. Nos. 97CA006897, 97CA006907, unreported, at 3.
 "The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." Karches v. Cincinnati
(1988), 38 Ohio St.3d 12, 19.
The evidence in the present case showed that Soberay signed a purchase agreement with POA on November 5, 1997. That agreement stated that Soberay would pay POA $250,000 in exchange for the following:
 (1) Soberay would receive eight or nine pregnant Peruvian alpacas.
 (2) Soberay would receive one-half ownership of Peruvian Cassandra.
 (3) POA guaranteed the purchase of all female crias for $10,000 and all male crias for $6,000 birthed by Soberay's female alpacas; once the cria has reached thirty days of life. (4) POA agreed to advance $3,333 per month to Soberay for the purchase of the crias. POA's advances are deducted from the board, vet and medical expenses that Soberay would owe to POA for that quarter.
 (4) POA would provide free board to Soberay's alpacas for three months.
 (5) POA would provide two free breedings to each of Soberay's female alpacas acquired under this agreement. After the two free breedings, POA agrees that any future breedings will never exceed $1,000.
 (6) Soberay would always retain the right to determine whether any crias birthed by her female alpacas would be sold to POA or to other buyers.
 Initially, Soberay's herd of alpacas consisted of five pregnant Peruvians, one half-Chilean female, one non-pregnant female, and one male. Within a few months, Soberay received eight pregnant Peruvian alpacas. During January 1998, Soberay was not satisfied with two of the alpacas because they "didn't speak to her." Soberay traded the two alpacas in exchange for two from POA's farm.
During May 1998, Soberay decided to sell her first female crias to a third party. From December 1997 through May 1998, POA had advanced approximately $28,000 in cash, insurance premiums, vet bills and board towards the purchase of Soberay's crias. Soberay refused to refund the money or provide POA with any crias. Shortly thereafter, Soberay moved her alpacas to another farm. After reviewing the record in the present case, this Court concludes that the jury's verdict was not against the manifest weight of the evidence. Accordingly, POA was entitled to the amount it advanced to Soberay. Furthermore, Soberay is not entitled to a credit of $16,250 for her half-interest in Peruvian Lady Cassandra. The evidence in the case established that POA owns one-half of Peruvian Lady Cassandra and Soberay owns the other half. Neither party disputed that fact. Soberay's credit would have been relevant if the jury found in favor of her claim for breach of contract; however, the jury did not. This Court concludes that the damages in this case are consistent with the jury verdict. Therefore, Soberay's third assignment of error is overruled.
 D. Assignment of Error Number Four The trial court committed reversible error in awarding prejudgment interest against [Soberay] on the entire amount awarded by the jury on [POA's] breach of contract claim because the jury assessment of $27,642.89 in compensatory damages, at a minimum, "fully compensated" [POA].
 In her fourth assignment of error, Soberay has asserted that the trial court erred in awarding POA prejudgment interest. Specifically, Soberay has argued that the trial court should have denied POA's request for prejudgment interest because POA was more than fully compensated. This Court disagrees.
A party recovering for breach of contract is entitled to prejudgment interest pursuant to R.C. 1343.03(A). Strauss v. Stephenson (Feb. 9, 1999), Lorain App. No. 98CA007015, unreported, at 7, citing Royal Elec.Constr. Corp. v. Ohio State Univ. (1995), 73 Ohio St.3d 110, at the syllabus. In Royal Elec. Constr. Corp., the Ohio Supreme Court construed and applied R.C. 1343.03(A), holding that
 [t]he award of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court.
 In the instant case, this Court concludes that the trial court did not err in granting prejudgment interest. The jury returned a verdict based upon the amount POA advanced to Soberay each month for the boarding, care and purchase of the crias. Therefore, the trial court did not err in awarding POA prejudgment interest on the amount that was due and owing on the contract but not paid due to Soberay's breach. Soberay's fourth assignment of error is overruled.
 III.
Soberay's assignments of error are overruled. The judgment of the trial court is affirmed.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BAIRD, P. J., CARR, J., CONCUR
[1] On July 12, 2000 this Court granted a stay for a period of thirty days. The parties were permitted to file an amended notice of appeal and supplement the record on appeal with any matter relating to the disposition of Soberay's motion for new trial. The parties did not amend the notice of appeal or supplement the record.
[2] A cria is a baby alpaca.