SHIRLEY, Appellant,

v.

NATIONWIDE INSURANCE COMPANY, Appellee, et al.

[Cite as *Shirley v. Nationwide Ins. Co.* (2001), 141 Ohio App.3d 189.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 99CA007529.

Decided Feb. 21, 2001.

*Carl F. Noll,* for appellant.

*Timothy D. Johnson* and *Jeffrey G. Palmer,* for appellee.

CARR, Judge.

Plaintiff-appellant Gail A. Shirley has appealed the order of the Lorain County Court of Common Pleas that granted a directed verdict in favor of defendant-appellee Nationwide Insurance Company ("Nationwide"). Based on the Ohio Supreme Court's holding in *Linko v. Indem. Ins. Co. of N. Am.* (2000), 90 Ohio St.3d 445, 739 N.E.2d 338, this court reverses and remands for further proceedings.

I

Shirley was injured in an automobile accident in 1995. Her accident was caused by an underinsured motorist, Michael A. Bradley. At the time of the

accident, Bradley was insured by Progressive Insurance Company on an automobile policy that provided liability coverage limits of $12,500 per person. Shirley held an automobile policy issued by Nationwide that provided bodily injury liability coverage limits of $100,000.00 for each person and $300,000 for each occurrence, and uninsured or uninsured ("UM/UIM") motorist coverage limits of $25,000 per person and $50,000 per occurrence.

With Nationwide's consent, Shirley settled her claim against Bradley and Progressive by accepting Progressive's liability coverage limits of $12,500 and releasing both Bradley and Progressive from further liability for those injuries. Shirley then filed a claim with Nationwide, requesting Nationwide to provide her with UIM coverage in an amount equal to her policy's bodily injury liability limits, $100,000 for each person and $300,000 for each occurrence. Her claim was rejected based on Nationwide's belief that Shirley had expressly reduced her UIM coverage to a maximum of $25,000 per person and $50,000 per occurrence.

Shirley filed a declaratory judgment action against Nationwide, seeking a declaration that UM/UIM coverage is available up to Shirley's liability limits under her auto policy. Nationwide filed a motion for summary judgment arguing that Shirley had expressly rejected the equal limits of UIM and liability coverage by signing an "AUTHORIZATION STATEMENT for OHIO UNINSURED MOTORISTS COVERAGE (Including Bodily Injury caused by Underinsured Motorists)" in 1992, which told Shirley of the legal requirement and her ability to choose lower limits. Shirley responded in opposition, contending that her rejection was not valid because Nationwide and its agent failed to inform her of the consequences of carrying lower amounts of UIM liability coverage. Finding that material issues of fact existed as to whether Shirley had made a knowing rejection of UM/UIM coverage equal to her liability limits, the trial court denied Nationwide's motion.

The case proceeded to trial by jury. At the close of Shirley's evidence, the trial court granted Nationwide's oral motion for directed verdict on the ground that Shirley had made an express, knowing reduction of her UM/UIM coverage. Judgment was entered thereon in favor of Nationwide.

Shirley has timely appealed, asserting one assignment of error.

## II

## ASSIGNMENT OF ERROR

"The trial court erred to the prejudice of appellant by granting appellee's motion for directed verdict at the close of appellant's case."

In her sole assignment of error, Shirley asserts that genuine issues of material fact existed as to whether she had knowingly reduced her UIM coverage, and that, therefore, the trial court erred in directing a verdict for Nationwide. Nationwide claims that it made an adequate written offer of UM/UIM coverage, which Shirley rejected well before the accident, and, therefore, the court did not err. Shirley contends that Nationwide's offer was insufficient.

The standard for directing a verdict is well established. Civ.R. 50(A)(4) provides:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

A motion for a directed verdict does not present factual issues but questions of law, even though in deciding such motion it is necessary to review and consider the evidence. *Ruta v. Breckenridge–Remy* (1982), 69 Ohio St.2d 66, 23 O.O.3d 115, 430 N.E.2d 935, paragraph one of the syllabus. "In deciding a motion for a directed verdict, neither the weight of the evidence nor the credibility of the witnesses is to be considered." *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 33, 697 N.E.2d 610, 618, citing *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 284, 21 O.O.3d 177, 178–179, 423 N.E.2d 467, 469. "The determination to be made by a trial court * * * is not whether one version of the facts presented is more persuasive than another; rather, it is a determination that only one result could be reached under the theories of law presented in the complaint." *Eldridge v. Firestone Tire & Rubber Co.* (1985), 24 Ohio App.3d 94, 96, 24 OBR 164, 166, 493 N.E.2d 293, 296. Since a motion for directed verdict presents questions of law, this court will conduct a *de novo* review of the lower court's judgment. *Campbell v. Colley* (1996), 113 Ohio App.3d 14, 18, 680 N.E.2d 201, 203–203.

It is well settled that R.C. 3937.18(A) requires insurance companies to offer UM/UIM coverage with every automobile liability policy issued in Ohio. *Gyori v. Johnston Coca–Cola Bottling Group, Inc.* (1996), 76 Ohio St.3d 565, 567, 669 N.E.2d 824, 826. An insurer's failure to do so results in the insured acquiring UM/UIM coverage by operation of law. *Id.* UM/UIM coverage may be eliminated or reduced from a vehicle insurance policy only by an express and knowing rejection of such coverage. R.C. 3937.18(C); *Gyori, supra.* The rejection must be in writing and received by the insurer prior to the commencement of the policy year. *Gyori* at paragraph two of the syllabus. Furthermore, a valid

rejection can follow only a valid written offer. *Gyori, supra,* at paragraph one of the syllabus. The burden of establishing an offer of UM/UIM coverage lies with the insurer. *Ady v. W. Am. Ins. Co.* (1982), 69 Ohio St.2d 593, 597, 23 O.O.3d 495, 497–498, 433 N.E.2d 547, 549–550.[1] The "offer" requirement of R.C. 3937.18(A) must also be in writing. *Gyori, supra,* at paragraph one of the syllabus. Recently, a majority of the Ohio Supreme Court expanded upon *Gyori* and held that the written offer must contain specific terms. *Linko v. Indem. Ins. Co. of N. Am.* (2000), 90 Ohio St.3d 445, 739 N.E.2d 338. Under *Linko,* the required elements for written offers are (1) a brief description of the coverage, (2) the premium for that coverage, and (3) an express statement of the UM/UIM coverage limits. *Id.* at 449, 739 N.E.2d at 342.

Nationwide argues that the "AUTHORIZATION STATEMENT for OHIO UNINSURED MOTORISTS COVERAGE (Including Bodily Injury caused by Underinsured Motorists)" signed by Shirley in 1992, suffices the requirements under R.C. 3937.18 for a valid written offer and a valid written rejection of UM/UIM coverage. We note that Nationwide's arguments were prepared before the Supreme Court released *Linko, supra.*

Under the Supreme Court's *Gyori* and *Linko* analysis, there must first be a valid written offer of UM/UIM coverage before there can be a valid rejection. In light of the court's most recent pronouncement in *Linko,* we find that the trial court erred in granting a directed verdict for Nationwide. Accordingly, we are compelled to reverse and remand for further proceedings in consideration of *Linko.*

Shirley's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the case is remanded for further proceedings.

> *Judgment reversed*
> *and cause remanded.*

BAIRD, P.J., and SLABY, J., concur.

---

1. The current version of R.C. 3937.18(C) states that a written, signed rejection of UM/UIM coverage "shall create a presumption of an offer of coverages consistent with division (A) of this section* * *." The amendment adding this provision took effect on September 3, 1997, and is therefore inapplicable to the policy at issue in this case. See, generally, *Ross v. Farmers Inc. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732 (statutory law at time of contracting governs the policy).