OPINION
{¶ 1} Barshon McCall, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court found him guilty of theft, a violation of R.C. 2913.02, a fifth-degree felony.
 {¶ 2} The testimony during trial regarding the timeline of events and the underlying allegations was somewhat confusing, and the following version is a general account of the facts necessary for the purposes of this appeal. In approximately April or May 2002, appellant and Lori Howard began a relationship, and appellant started staying overnight at Howard's apartment. On the evening of June 1, 2002, while at the apartment, Howard claims she told appellant that she wished to end the relationship after they argued about appellant's ex-girlfriend. Howard testified that appellant became angry, brandished a knife, and held her at knifepoint for about four to five hours. Howard stated that, during this period, appellant cut the phone cords downstairs, threw objects at her, and told her he was going to stab her. Although she escaped once and phoned 911 from upstairs, appellant made her hang up. When 911 called back, she told the operator that her daughter had been playing with the phone. Howard testified that, after they argued more, appellant told her to go upstairs and get ready so he could have sex with her one more time. She said when she was upstairs, she heard appellant leave the residence and discovered he had taken $1,200 in cash, jewelry, and her rental car. After driving around in her other car looking for appellant, she returned home and called 911. The police arrived, and she told them what had happened. She testified that she saw appellant at least once, and he called numerous times, before he was arrested on July 25, 2002.
 {¶ 3} Appellant's version of the events was very different than Howard's. Appellant testified that, after he came back from a dance club in the early morning hours of June 2, 2002, he argued with Howard. He claims that Howard struck him in the face and asked him to leave. Appellant stated that he left the residence in the rental car, which he had been using for several days with Howard's permission. He denied taking any jewelry or money from Howard or threatening her with a knife.
 {¶ 4} Authorities located appellant driving Howard's rental car on June 8, 2002, but released him because Howard told an officer over the phone that she did not wish to prosecute. Howard testified at trial that she told the officer on the phone she did not want to prosecute because somebody had called her on call waiting at the same time and threatened her. Appellant testified that, at the time he was stopped, he had been on the way to the grocery store to buy cheese for Howard because she was cooking them dinner, and he had stayed at her house on several occasions since the June 2, 2002 incident. The police impounded the vehicle, and appellant testified that he walked to Howard's house, where Howard denied that she had reported the car stolen. Appellant testified that he stayed at Howard's house that night, but they had an argument the next day, so he left. He said he went back to her house on June 13, 2002, to get his belongings at Howard's request. Appellant testified that, although Howard had given him a key to the house on May 31, 2002, she had changed the locks, and he could not get in. After appellant arrived at her apartment, she and appellant had an argument, and appellant left without his clothes. Howard, however, testified that appellant broke into her house on June 13, 2002, and stole several more items.
 {¶ 5} Appellant testified Howard asked him back to her apartment in the early morning hours of July 24, 2002, and he stayed there until the evening, when they got into another argument. Appellant stated that Howard told him to leave, so he packed his clothes in duffle bags and started walking down the road. Howard then apparently left her house and waived down a passing police officer. She told the officer that appellant had stolen things from her and had outstanding warrants. The police officer eventually located appellant walking down the street, and he was subsequently arrested.
 {¶ 6} On August 2, 2002, appellant was charged with one count of aggravated robbery, two counts of robbery, one count of kidnapping, one count of abduction, and one count of theft. A trial was held November 4 through November 8, 2002. Testifying on behalf of the state were Wendell Tolber, an officer for the Columbus Police Department; Sarita Garrett-Brown, Howard's neighbor who testified that Howard told her on the evening of June 1, 2002, that appellant had just threatened her with a knife and who called 911 in the early morning hours of June 2, 2002, after hearing screams coming from Howard's apartment; and Howard. Christina Whitacre, a detective with the Columbus Police Department; Todd Agee, an officer for the Columbus Police Department; and appellant testified on behalf of the defense. The jury found appellant guilty of one count of theft and not guilty on all other charges. The trial court sentenced appellant to a term of community control and ordered restitution. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 7} Appellant argues in his sole assignment of error the trial court's judgment was based upon insufficient evidence and was against the manifest weight of the evidence. When determining whether a conviction is against the manifest weight, the court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weights heavily against the conviction. State v. Thompkins (1997),78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172. However, when an appellate court reviews a claim that a conviction is not supported by sufficient evidence, its inquiry focuses primarily upon the adequacy of the evidence. Thompkins, at 386. Sufficiency is a term of art that tests whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict. Id. The standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 8} Appellant makes no distinction between the manifest weight and sufficiency of the evidence arguments in his brief. His basic ground for reversing the trial court is a general argument that Howard's testimony with regard to the taking of the cash and jewelry was not credible. However, with regard to the sufficiency of the evidence claim, an appellate court does not weigh credibility. See State v. Coit, Franklin App. No. 02AP-475, 2002-Ohio-7356, citing Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68-69. A sufficiency of the evidence analysis is a question of law that does not allow courts to independently weigh the evidence. Martin, supra, at 175. Evaluations of weight and credibility are jury issues. State v. Hill (1996),75 Ohio St.3d 195, 205. Thus, with regard to the sufficiency of the evidence argument, our inquiry is not whether Howard's testimony should have been believed but, rather, whether it would support a conviction if believed by the jury.
 {¶ 9} R.C. 2913.02 provides that one is guilty of theft if that person knowingly obtains or exerts control over the property either without the consent of the owner or person authorized to give consent, by threat, or by intimidation, with purpose to deprive the owner of property or services. In the present case, Howard testified that appellant threatened her for four to five hours at knifepoint and then told her to go upstairs to prepare to have sex one more time. Howard testified that, while she was upstairs, she heard appellant leave through the front door and then saw him running from her apartment. She stated that she then realized that her jewelry and cash were missing from her entertainment center. After viewing this evidence in a light most favorable to the state, any rational trier of fact could have found all the essential elements of theft beyond a reasonable doubt. Therefore, Howard's testimony provided sufficient evidence that appellant committed theft in violation of R.C. 2913.02.
 {¶ 10} With regard to the manifest weight of the evidence argument, appellant claims that Howard's testimony was "severely undermined" during cross-examination, and she gave testimony that was inconsistent with the statement she gave to police. However, appellant fails to cite to or describe a single inconsistency specifically regarding the theft of the cash and jewelry. Our review of the record reveals that the only major inconsistencies with regard to the facts surrounding this charge are the amount and source of the cash Howard reported stolen. She initially told one detective on videotape that $1,000 in cash was stolen, but testified at trial and claimed for insurance purposes that it was $1,200. Such inconsistency does not necessarily undermine her entire testimony on whether a theft took place. Howard explained that, at the time she spoke to the police, she had not been certain how much money her family had given her, and she claimed she told the police officer before they began the videotape interview that she would have to check with her family. She said she told the police it had been at least $1,000 before they began taping the interview. She also testified that, although she told the officer that the money was from her mother, but stated at trial that it was from her grandmother, the money was actually from her family, in general, which included both her grandmother and mother.
 {¶ 11} Our review of the record does reveal some other general inconsistencies in Howard's overall testimony. However, these inconsistencies mainly concern the other crimes alleged by Howard. Although the jury may have found Howard's testimony less credible than appellant's testimony with regard to the facts surrounding the other counts, the law is clear that a jury is free to believe all, some, or none of the testimony of any witness. See State v. Antill (1964),176 Ohio St. 61, 67; State v. Green (1996), 117 Ohio App.3d 644, 654; State v. Gonzalez, Hamilton App. No. C-020384, 2003-Ohio-4421, at ¶113. Thus, it was certainly within the province of the jury to believe that appellant never brandished a weapon while committing theft (count one — aggravated robbery), had a deadly weapon under his control and/or inflicted or threatened to inflict harm on Howard in committing theft (count two — robbery), used or threatened immediate use of force against Howard in committing theft (count three — robbery), restrained Howard of her liberty with the purpose to commit robbery or theft or to inflict physical harm on Howard (count four — kidnapping), or restrained Howard by force or threat while creating a risk of physical harm or placing her in fear (count five — abduction), but still believe that appellant did knowingly obtain the cash and jewelry without consent or by threat and intimidation. The jury's determinations on counts one through five were not inconsistent with the jury's determination on count six, and the judgments could co-exist.
 {¶ 12} Even though a manifest weight of the evidence challenge requires us to review the record and weigh the evidence, our review of appellant's nonspecific argument that Howard's testimony was not credible is tempered by the principle that questions of weight and credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus; State v. Garrow (1995), 103 Ohio App.3d 368,371. In this case, the jury's verdict conclusively shows that it found Howard to be a credible witness regarding the events relating to the cash and jewelry, and did not believe that Howard had falsely accused appellant of this act. The present case was of the type in which the victim and accused gave diametrically opposed accounts of the facts. Howard said the crimes occurred, appellant claimed they did not. The case hinged entirely upon credibility. If the jury had not found Howard credible and believed she was lying, it would have obviously acquitted appellant on the theft charge, as it did on the other charges. The jury apparently found appellant's testimony with regard to the theft of the jewelry and cash not credible. We refuse to second-guess the jury's determination of Howard and appellant's credibility when the jury was able to see and hear them firsthand.
 {¶ 13} After reviewing the entire record, weighing the evidence and all reasonable inferences, we find that the jury did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The jury apparently found Howard's testimony credible. Thus, appellant's conviction was not against the manifest weight of the evidence. Therefore, appellant's assignment of error is overruled.
 {¶ 14} Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and WATSON, JJ., concur.