OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of William Moyer, filed March 24, 2008. On November 9, 2007, Moyer was indicted on three counts of gross sexual imposition (under 13), in violation of R.C. 2907.05(A)(4), felonies of the third degree. The first count in the indictment involved one victim, while the second and third counts involved another. *Page 2 
On December 20, 2007, Moyer pled not guilty.
 {¶ 2} On February 4, 2008, Moyer filed a "Motion for Relief from Prejudicial Joinder," and on February 27, 2008, the State filed "State's Motion and Memorandum Contra Defendant's Motion to Sever Counts." On February 29, 2008, the trial court issued a "Decision, Entry and Order Overruling Defendant's Motion to Sever." The Decision provides in its entirety, "The Court, based upon the reasoning set forth on the record on February 29, 2008, overrules the defendant's motion to Sever Counts in Indictment for Trial." On March 20, 2008, the trial court sentenced Moyer to an aggregate sentence of six years.
 {¶ 3} Attached to Moyer's brief are Appendix A, entitled "Hearing on Motion for Relief from Prejudicial Joinder," Appendix B, entitled "Partial Testimony of S.W.," Appendix C, entitled, "Partial Testimony of G.S.," and Appendix D, entitled "State's Closing Argument."
 {¶ 4} Moyer asserts two assignments of error, which we will consider together. They are as follows:
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER." And,
 {¶ 6} "DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 7} App. R. 9(A) provides in part, "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the *Page 3 
transcripts to their briefs." (Emphasis added).
 {¶ 8} Moyer has failed to certify the accuracy of the portions of transcript attached to his brief. Without evidentiary quality material to review, we must presume the regularity of the lower court's proceedings and affirm its judgment. See Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384.
 {¶ 9} Moyer's assignments of error are overruled, and the judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Kelly D. Crammer, Rebekah S. Neuherz, Hon. Michael L. Tucker. *Page 1