[Cite as *Sunbury v. Sullivan*, 2011-Ohio-6119.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| THE VILLAGE OF SUNBURY, OHIO | : | JUDGES: |
|  | : | Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | John W. Wise, J. |
|  | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 11CAC030025 |
|  | : |  |
|  | : |  |
| GARY M. SULLIVAN | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:        Civil Appeal from Delaware Municipal
Court Case No. 10-TRC-07891

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        November 22, 2011

APPEARANCES:

For Plaintiff-Appellee

PETER B. RUFFING
Prosecuting Attorney
70 N. Union Street
Delaware, Ohio 43015

For Defendant-Appellant

JOHN R. CORNELY
21 Middle Street
P.O. Box 248
Galena, Ohio 43021-0248

*Edwards, J.*

{¶ 1}  Defendant-appellant, Gary Sullivan, appeals his conviction and sentence from the Delaware Municipal Court on one count each of use of unauthorized (fictitious) plates, driving under an OVI suspension, operating a vehicle while under the influence of alcohol and refusing a chemical test, and driving under an FRA suspension.  Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶ 2}  On August 17, 2010, a complaint was filed charging appellant with driving under the influence of alcohol or drugs and refusing a chemical test in violation of R.C. 4511.19(A)(2),  operating a motor vehicle while under an OVI suspension in violation of R.C. 4510.14(A), use of unauthorized (fictitious) license plates in violation of R.C. 4549.08(A),  driving under an FRA suspension in violation of R.C. 4510.16, and having no valid operator's license in violation of R.C. 4510.12.  The complaint indicated that appellant had five (5) prior OVIs. Appellant entered a plea of not guilty to the charges.

{¶ 3}  A jury trial was held on February 8, 2011.  On such date, a joint stipulation was filed stating that the parties agreed that appellant had been convicted of OVI on May 27, 2008 in another case, that appellant's driver's license has been suspended for 10 years and was under suspension on August 16, 2010 and that, on August 16, 2010, appellant was not permitted to drive.

{¶ 4}  At the conclusion of the evidence and the end of deliberations, the jury, on February 8, 2011, found appellant guilty of use of unauthorized (fictitious) plates, driving under an OVI suspension, and operating a vehicle while under the influence of alcohol and refusing a chemical test.  The trial court convicted appellant of driving under an

FRA suspension and found appellant not guilty of having no operator's license. As memorialized in a Judgment Entry filed on February 8, 2011, appellant was sentenced to an aggregate sentence of 250 days in jail. The trial court also fined appellant, ordered that his driver's license be suspended for a period of 10 years and placed him on community control for a period of five years.

{¶ 5} Appellant now raises the following assignments of error on appeal:

{¶ 6} "I. THE TRIAL COURT ERRED IN DENYING MR. SULLIVAN'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL ON THE OVI CHARGE AS THE EVIDENCE WAS INSUFFICIENT TO CONVICT HIM.

{¶ 7} "II. MR. SULLIVAN'S CONVICTION FOR OVI IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} "III. THE MISCONDUCT OF THE PROSECUTING ATTORNEY IN ARGUING HIS PERSONAL BELIEFS REGARDING MR. SULLIVAN'S CREDIBILITY IN CLOSING ARGUMENTS DENIED MR. SULLIVAN HIS RIGHT TO A FAIR TRIAL.

{¶ 9} "IV. COUNSEL FOR MR. SULLIVAN WAS INEFFECTIVE AS THE RESULT OF HIS CUMULATIVE ERRORS AND THIS DENIED MR. SULLIVAN A FAIR TRIAL UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION."

{¶ 10} At all relevant times, App.R. 9 provided[1] as follows:

{¶ 11} "**(A) Composition of the record on appeal**

{¶ 12} "* * * A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape

---

[1] App.R. 9 was amended effective July 1, 2011.  The amendments are not relevant to this case.

must be transcribed into written form. When the written form is certified by the reporter in accordance with App.R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." (Emphasis added).

{¶ 13} The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See, *State v. Skaggs,* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App. R. 9(B), which provides, in part, that "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of proceedings not already on file as he deems necessary for inclusion in the record * * *."

{¶ 14} Accordingly, if the transcript of proceedings is in the videotape medium, the appellant must type or print those portions of the transcript necessary for the appellate court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcript to his or her brief.

{¶ 15} In the case sub judice, appellant, on March 7, 2011, issued a precipe to the Clerk of Courts asking that it issue a copy of the "video recording of the entire trial and sentencing." The videotape of the trial was never filed with the record on appeal. Appellant appended selected typed copies of pages of the videotaped transcript to his brief. However, appellant has failed, contrary to the mandates of App.R. 9(A) and 9(B), to provide us with a properly certified, typed or printed transcription of relevant

videotaped testimony presented in the proceedings below. As noted by this Court in *State v. Huffman* (June 16, 1994), Delaware App. No. 93-CAC-06022, 1994 WL 313750, in regard to an appellant's counsel's responsibility to transcribe and certify the accuracy of a transcription of a videotape:

**{¶ 16}** "* * * We interpret said language to mean that counsel who generates the typewritten portions must 'certify' their accuracy. Neither counsel have done that in the instant case. Even if all counsel to an appeal agreed that the portion of the video tape transcribed was accurate, such agreement would be insufficient in the absence of a formal certification to its accuracy by them." See also *State v. Voiers*, (Oct. 19, 2001), Ottawa App. No. OT-01-017, 2001 WL 1260766, and *State v. Feazel*, (July 17, 2000), Delaware App. No. 00CA01001, 2000 WL 987261.

**{¶ 17}** We note that appellate review of a denied motion for acquittal and whether the verdict is against manifest weight of the evidence necessitate consideration of the evidence adduced at trial. See, *Ruta v. Breckenridge-Remy Co.* (1982), 69 Ohio St.2d 66, 430 N.E.2d 935; *McRoberts v. Value City, Inc.* (Sept. 23, 1987), Hamilton App. No. C-860855, 1987 WL 17263, unreported. In the absence of a properly certified and submitted transcription of the relevant portions of the proceedings below necessary to our examination of the evidence presented at trial, we are compelled to presume the validity of the lower court's determination. *Knapp v. Edwards Laboratories* (1980) 61 Ohio St.2d 197, 199, 400 N.E.2d 384. See also *State v. Moyer*, Montgomery App. No. 22672, 2009-Ohio-1642 and *Feazel*, supra.

**{¶ 18}** Appellant's four assignments of error are, therefore, overruled.

**{¶ 19}** Accordingly, the judgment of the Delaware Municipal Court is affirmed.

By: Edwards, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

[Cite as *Sunbury v. Sullivan*, 2011-Ohio-6119.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE VILLAGE OF SUNBURY, OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GARY M. SULLIVAN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CAC030025 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Delaware Municipal Court is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES